IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TASTE OF CHENGDU, LLC, a Florida Limited Liability Corporation,<br><br>_Plaintiff,_<br><br>V.<br><br>XINGLI FENG d/b/a TASTE OF CHENGDU, an individual, and SUPER CUISINE LLC, a Texas Limited Liability Corporation,<br><br>_Defendants._ | CASE NO. 3:23-CV-2050<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Taste of Chengdu, LLC, a Florida limited liability company, by and through its undersigned counsel, hereby files this Second Amended Complaint against Defendants Xingli Feng d/b/a Taste of Chengdu ("Feng") and Super Cuisine LLC ("Super Cuisine") for copyright infringement in violation of 17 U.S.C. § 501, et seq., unfair competition in violation of 15 U.S.C. § 1125, and common-law unfair competition under Texas law.

Plaintiff seeks: (1) disgorgement and exemplary damages from Defendants as well as an accounting of profits; (2) alternatively, on the copyright claim, an award of statutory damages; (3) an impounding and destruction of all infringing copies; and (4) injunctive relief.

## I.    SUMMARY OF ACTION

1.      This is a civil action for violation of the Copyright Act, 17 U.S.C. § 501, et seq., unfair competition arising under the federal Lanham Act, 15 U.S.C. § 1125(a), and related Texas state law claims for trademark infringement and unfair competition. Plaintiff brings this action seeking monetary and injunctive relief for Defendants' unfair competition and intentional infringement of Plaintiff's common law trademarks, Taste of Chengdu word mark ("TASTE OF CHENGDU Mark") and Taste of Chengdu with design ("TASTE OF CHENGDU Design Mark") (collectively "TASTE OF CHENGDU Marks"). A copy of the TASTE OF CHENGDU Design Mark is featured below:



2.      Plaintiff also seeks monetary damages and injunctive relief for Defendants' intentional copyright infringement. Plaintiff is the exclusive licensee of a registered copyright with the State Copyright Administration of the People's Republic of China, under Registration No. 00504885 (the "China Copyrighted Work"). The China Copyrighted Work is owned by Sichuan Hechang Culture Communication Co., Ltd. ("Sichuan") and was licensed exclusively to Plaintiff in an agreement dated March 16, 2018, for use in the United States and other countries.  *See* Exhibit "B," (the "Sichuan License"). A true and correct copy of the image the subject of the China Copyrighted Work is featured below:

---



3.     Additionally, the Sichuan License granted to Plaintiff the exclusive right to register the China Copyrighted Work in the United States, which Plaintiff registered as VA 2-220-130 on August 12, 2020 (the "U.S. Copyrighted Work") (together with the China Copyrighted Work "the Copyrighted Works"). *Id..* A true and correct copy of the U.S. Certificate of Registration and a reproduction of the copyrighted work at issue are attached hereto as Exhibit "A."

## II.     PARTIES

4.     Plaintiff is a limited liability company organized and registered under the laws of the State of Florida, with a principal place of business at 2030 W. Colonial Drive Orlando, FL 32804.

5.     Upon information and belief, at the time the Original Complaint was filed, Defendant Feng was an individual residing in Texas, operating a business, a restaurant, under the name Taste of Chengdu, located at 2528 Old Denton Road Carrollton, TX 75006 (hereinafter the "Restaurant").

6.     Without permission, license, or consent, and in an effort to promote his own business, Defendant Feng improperly copied, displayed, and distributed the Copyrighted Works, by

---

featuring the Copyrighted Works in his business' signage, advertisements, and promotional materials.

7.     Through his infringing use of the Copyrighted Works, Defendant Feng likewise has intentionally infringed upon Plaintiff's TASTE OF CHENGDU Marks by advertising his own goods/services under the marks and has unfairly competed with Plaintiff.

8.     Though Defendant Feng was served with the Original Complaint, he never made an appearance.  Instead, upon information and belief, Defendant Feng sold the Restaurant, including at least the business signage, advertisements, and promotional materials, to Defendant Super Cuisine, a Texas limited liability company formed on or about January 4, 2024. Upon information and belief, Defendant Super Cuisine continues to use the name TASTE OF CHENGDU.

9.     Though Defendant Super Cuisine appears to have made changes to some of its signage, advertisements, and promotional materials, it continues to improperly copy, display, and distribute the Copyrighted Works without permission, license, or consent, and in an effort to promote his own business, by featuring the Copyrighted Works in aspects of its business's signage, advertisements, and promotional materials.

10.    Defendant Super Cuisine is a limited liability company organized under the laws of the State of Texas. Defendant Super Cuisine may be served with process through its Managing Member and Registered Agent for Service, Zhenghua Zhang, at 1115 MacArthur Dr., Apt. 4507, Carrollton, Texas, 75007.

11.    Through its infringing use of the Copyrighted Works, Defendant Super Cuisine likewise has intentionally infringed upon Plaintiff's TASTE OF CHENGDU Marks, in advertising its goods/services under the marks and has, and continues to, unfairly compete with Plaintiff.

### III.  JURISDICTION AND VENUE

12.    This is an action, in part, arising under the Copyright Act, 17 U.S.C. § 501, et seq. Thus, this Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), (b).

13.    This Court further has subject matter jurisdiction under 28 U.S.C. § 1331 for the claims which fall under the Lanham Act, and pendant jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

14.    Defendants are subject to personal jurisdiction in this State because, upon information and belief, Defendants are residents of this State and are operating and have operated a business within this State, specifically within Dallas County, Texas.

15.    Venue is proper in this District under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this State and in this judicial district, and the events giving rise to the claims alleged herein occurred in this judicial district.

### IV.  FACTUAL ALLEGATIONS

**A.    Trademark and Copyrighted Works at Issue**

16.    In 2016, Plaintiff selected and adopted the TASTE OF CHENGDU Mark, for use in connection with its restaurant business, which offers a varied assortment of Asian cuisine and delicacies.

17.    On July 21, 2016, the business was incorporated and registered with the Florida Division of Corporations. *See* Exhibit "C."

18.    After approximately two years in business, pursuant to the Sichuan License, Plaintiff became the exclusive licensee of the China Copyrighted Work for use in "related business places

and publicity advertisements, including, but not limited to, restaurant sign, Environment arrangement, product packaging, website and promotion activities" in the "United States, Canada, Mexico, Australia, New Zealand." *See* Exhibit "B." The effective date of the license was March 16, 2018, and the license is valid through March 16, 2038.

19.     In addition to use of the China Copyrighted Work in the U.S. and elsewhere, the Sichuan license granted to Plaintiff the exclusive right to register the China Copyrighted Work in the United States. Plaintiff subsequently registered the China Copyrighted Work in the US at Registration Number VA 2-220-130, effective August 12, 2020. *See* Exhibit "A."

20.     The U.S. Copyrighted Work is wholly original and creative.  Moreover, the U.S. Copyrighted Work is fixed in either a digital media format or a physical format.

21.     Plaintiff has exclusive rights and interest in the U.S. Copyrighted Work, including all rights under copyright law, including the right to bring this action, pursuant to the Sichuan License.

22.     Pursuant to the Sichuan License, Plaintiff also has exclusive rights and interest in the China Copyrighted Work, including under all relevant international intellectual property laws and international treaties, including the Berne Convention. Under the Berne Convention, a creator need not **register** or "apply for" a copyright in countries who are signatories to the convention, such as the United States and China. In other words, the Berne Convention enforces a requirement that countries recognize intellectual property rights—such as copyright—held by the citizens of all other parties to the convention. Both the United States and China are parties to the Convention.

23.     Plaintiff is further the exclusive owner of all rights, title, and interest in and to the TASTE OF CHENGDU Marks by way of its substantial prior and continuous use of the TASTE

OF CHENGDU Marks to the exclusion of others. Since at least as early as July of 2016, Plaintiff has exclusively used the TASTE OF CHENGDU mark in the United States, in connection with its restaurant services via business signage, advertisements, promotional materials, and Plaintiff's website, https://tasteofchengdufl.com/. *See* Exhibit "D" attached for a true and correct copy of the home page from Plaintiff's website. Plaintiff has used the TASTE OF CHENGDU Design Mark in the same manner in which it has used its TASTE OF CHENGDU Mark in relation to its restaurant services since at least as early as April 2018.

24.     Due to Plaintiff's hard work and dedication, its business grew quickly. This expansion resulted in further heightening Plaintiff's success, with consumers coming from both in and out of the State of Florida to patron Plaintiff's restaurant.

25.     In fact, the popularity of Plaintiff's restaurant was recently recognized by the MICHELIN GUIDE with a Bib Gourmand award, bestowed on restaurants that provide a meal of good quality at a good value. *See* Exhibit "E."

26.     As a public business, and one which advertises online where the advertisements are not limited to Florida, Plaintiff's use of the TASTE OF CHENGDU Marks and the Copyrighted Works is well-known and/or easily accessible by the public, including Defendants.

27.     By virtue of Plaintiff's substantial use and promotion of its TASTE OF CHENGDU Marks, Plaintiff has established valuable goodwill in the marks and the public has come to associate the TASTE OF CHENGDU Marks with Plaintiff. As such, the public has come to know "TASTE OF CHENGDU" as an indication of various Asian cuisine and delicacies that originate from the same, single source.

28.     Plaintiff's TASTE OF CHENGDU Marks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     Defendant Feng's Infringing Conduct**

29.     In a clear attempt to trade off of and benefit from Plaintiff's hard work, goodwill, and the recognition it has built over the years, Defendant Feng, without authorization, opened his own restaurant under the mark TATSTE OF CHENGDU and/or TASTE OF CHENGDU TX in Carrollton, Texas. Defendant Feng's restaurant featured various Asian dishes similar to those offered by Plaintiff.

30.     Defendant Feng originally incorporated and registered his business with the Texas Division of Corporations on March 19, 2019, under the name Taste of Chengdu. *See* Exhibit "F." The business is no longer a registered business entity as of August 20, 2021.

31.     Defendant Feng also created and registered the domain tasteofchengdutx.com, mimicking Plaintiff's domain, tasteofchengdufl.com, creating the impression that Plaintiff had expanded its business into Texas. *See* Exhibit "G."

32.     Perhaps even more egregious, Defendant Feng erected business signage that exactly replicates the Copyrighted Works and, in turn, Plaintiff's TASTE OF CHENGDU Marks. *See* below and Exhibit "H" which also includes a copy of Defendant's promotional material and again features Plaintiff's TASTE OF CHENGDU Marks and the Copyrighted Works:



33.    In or around November of 2022, Plaintiff became aware of Defendant Feng's unauthorized use of its TASTE OF CHENGDU Marks and the Copyrighted Works.

34.    Thereafter, Plaintiff's counsel sent Defendant Feng a cease-and-desist letter advising Defendant Feng that his actions constituted infringement and demanding that Defendant Feng immediately cease his conduct and remove Plaintiff's intellectual property from his signage and advertisements. *See* Exhibit "I" for a copy of the cease-and-desist letter sent to Defendant Feng, along with proof of delivery.

35.    Defendant Feng ignored the cease-and-desist letter and, upon information and belief, continued to appropriate Plaintiff's intellectual property in the advertisement and promotion of his business by using the TASTE OF CHENGDU Mark, TASTE OF CHENGDU Design Mark, and the Copyrighted Works all the way up to and through the filing of this lawsuit.

36.    Defendant Feng's use of identical marks is likely to cause confusion, mistake, and deception as to the source or origin of Defendant Feng's goods/services and is likely to falsely suggest

a sponsorship, connection, or association between Defendant Feng, his services, and/or his commercial activities with Plaintiff when none exists.

37.    Defendant Feng's acts described above have damaged and irreparably injured Plaintiff and, if permitted to continue, will further damage and irreparably injure Plaintiff.

38.    Defendant Feng's acts described above have irreparably injured, and if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

39.    Given Defendant Feng's exact replication of Plaintiff's TASTE OF CHENGDU Marks and the Copyrighted Works and his continued infringement even after receipt of the cease and desist letter, Defendant Feng has committed the infringement described herein knowingly, willfully, intentionally, and maliciously.

40.    Defendant Feng has committed an advertising injury upon Plaintiff by the infringing actions taken.

**C.    Defendant Super Cuisine's Infringing Conduct**

41.     Upon information and belief, on or about January 4, 2024, Defendant Super Cuisine formed its entity, well after the filing of the Original Complaint.  *See* Exhibit "J."

42.    Also upon information and belief, in early 2024 after it was formed, Defendant Super Cuisine came into possession of the Restaurant and business owned by Defendant Feng.

43.    Upon information and belief, continuing the business model established by Defendant Feng, Defendant Super Cuisine operates the Restaurant featuring similar varieties of Asian dishes as Plaintiff offers, under the mark TASTE OF CHENGDU and/or TASTE OF CHENGDU TX at the same address in Carrollton, Texas.

44.    Also upon information and belief, Defendant Super Cuisine continued to use the domain tasteofchengdutx.com, mimicking Plaintiff's domain, tasteofchengdufl.com, and creating the impression that Plaintiff had expanded its business into Texas.

45.    Upon investigation, well into 2024, Defendant Super Cuisine continued using Plaintiff's TASTE OF CHENGDU Marks, including an exact replica of Plaintiff's TASTE OF CHENGDU Design Mark and, in turn, Plaintiff's exclusively licensed Copyrighted Works. *See* below and Exhibit "K" which also includes a copies of Defendant Super Cuisine's promotional material which feature Plaintiff's TASTE OF CHENGDU Design Mark and the Copyrighted Works:



46.    Defendant Super Cuisine's use of marks identical to the TASTE OF CHENGDU Marks not only violates Plaintiff's copyrights in and to the Copyrighted Works, but is likely to cause confusion, mistake, and deception as to the source or origin of Defendant Super Cuisine's goods/services and likely to falsely suggest a sponsorship, connection, or association between Defendant Super Cuisine, its services, and/or its commercial activities with Plaintiff where none

exists, thereby infringing Plaintiff's trademarks or otherwise unfairly competing with Plaintiff under the Lanham Act and Texas state law.

47.    Defendant Super Cuisine's acts described above have damaged and irreparably injured Plaintiff, and if permitted to continue, will further damage and irreparably injure Plaintiff.

48.    Defendant Super Cuisine's acts described above have irreparably injured, and if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

49.    Given Defendant Super Cuisine's exact replication of Plaintiff's TASTE OF CHENGDU Marks and the Copyrighted Works, even after notice to Defendant Feng and the filing of this lawsuit, Defendant Super Cuisine has committed the infringement described herein knowingly, willfully, intentionally, and maliciously.

50.    Defendant Super Cuisine has committed an advertising injury upon Plaintiff by the infringing actions taken.

51.    Plaintiff is entitled to redress for Defendant Super Cuisine's unauthorized use of Plaintiff's intellectual property as described herein for Defendant's own financial benefit.

52.    Plaintiff seeks disgorgement and an accounting of profits, exemplary damages, (alternatively) statutory damages, injunctive relief, an impounding and destruction of all infringing materials, and attorneys' fees as a result of Defendants' knowing, deliberate, and willful infringement of Plaintiff's TASTE OF CHENGDU Marks and the Copyrighted Works pursuant to the federal Lanham Act, the Copyright Act, and Texas state law.

## V.    CLAIMS ASSERTED BY THE PLAINTIFF

### COUNT I
**Copyright Infringement
Against Defendant Feng
(17 U.S.C. § 501)**

53.    Plaintiff incorporates the preceding paragraphs of this Amended Complaint as if fully set forth herein.

54.    Plaintiff is the exclusive licensee of the China Copyrighted Work and the U.S. Copyrighted Work and maintains the right to use and enforce the Copyrighted Works pursuant to international intellectual property laws and treaties, including the Berne Convention, as well as the U.S. Copyright Act. *See* Ex. B, Sichuan License; *see also* https://www.wipo.int/treaties/en/ip/berne/ (the Berne Convention).

55.    Defendant Feng copied, reproduced, and/or displayed the Copyrighted Works without Plaintiff's authorization in violation of 17 U.S.C. § 501.

56.    Defendant Feng performed the acts alleged herein for a commercial benefit in relation to his business.

57.    Defendant Feng's infringing conduct alleged herein was, minimally, in willful disregard of Plaintiff's rights in the Copyrighted Works and has enabled Defendant Feng to illegally obtain profit therefrom.

58.    As a direct and proximate result of Defendant Feng's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial, including but not limited to Defendant Feng's profits attributable to his infringing conduct alleged herein and an accounting of such profits or, alternatively, an award of statutory damages pursuant

to 17 U.S.C. § 504(c). Plaintiff is also entitled to an impounding of all infringing copies (17 U.S.C. § 503), injunctive relief (17 U.S.C. § 502), and its attorneys' fees and costs (17 U.S.C. § 505).

<u>COUNT II</u>
**Copyright Infringement**
**Against Defendant Super Cuisine**
**(17 U.S.C. § 501)**

59.    Plaintiff incorporates the preceding paragraphs of this Amended Complaint as if fully set forth herein.

60.    Plaintiff is the exclusive licensee of the China Copyrighted Work and the U.S. Copyrighted Work and maintains the right to use and enforce the Copyrighted Works pursuant to international intellectual property laws and treaties, including the Berne Convention, as well as the U.S. Copyright Act. *See* Ex. B, Sichuan License; *see also* https://www.wipo.int/treaties/en/ip/berne/ (the Berne Convention).

61.    Defendant Super Cuisine copied, reproduced, and/or displayed the Copyrighted Works without Plaintiff's authorization in violation of 17 U.S.C. § 501.

62.    Defendant Super Cuisine performed the acts alleged herein for a commercial benefit in relation to its business.

63.    Defendant Super Cuisine's infringing conduct alleged herein was, minimally, in willful disregard of Plaintiff's rights in the Copyrighted Works and has enabled Defendant Super Cuisine to illegally obtain profit therefrom.

64.    As a direct and proximate result of Defendant Super Cuisine's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial, including but not limited to Defendant Feng's profits attributable to his infringing conduct alleged herein and an accounting of such profits or, alternatively, an award of statutory damages

pursuant to 17 U.S.C. § 504(c). Plaintiff is also entitled to an impounding of all infringing copies (17 U.S.C. § 503), injunctive relief (17 U.S.C. § 502), and its attorneys' fees and costs (17 U.S.C. § 505).

C<small>OUNT</small> III
**Federal Unfair Competition**
**Against Defendant Feng**
**(15 U.S.C. § 1125)**

65.    Plaintiff reincorporates the preceding paragraphs of this Complaint as if fully set forth herein.

66.    Defendant Feng has, by virtue of the above-described acts, infringed upon Plaintiff's common law rights in the TASTE OF CHENGDU Marks and unfairly competed with Plaintiff. Defendant Feng's acts committed in the course of interstate commerce constitute materially false and misleading misrepresentations of fact with respect to the origin of Defendant's goods and services, and the affiliation, sponsorship, and approval of Defendant's goods and services in violation of Section 43(a)(1)(A) of the Lanham Act. 15 U.S.C. § 1125(a)(1)(A).

67.    Defendant Feng's above-described acts of trademark infringement and unfair competition have been committed, and are continuing to be committed, willfully, wherein Defendant's use of the TASTE OF CHENGDU Marks is intended to cause confusion or mistake, or to deceive.

68.    Defendant' Feng's above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendant Feng is not restrained by this Court from further violating Plaintiff's trademark rights and competing unfairly with Plaintiff due to the confusion, mistake, or deception that will likely be

generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition.

69.    Plaintiff has no adequate remedy at law.

70.    As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights and unfair competition by Defendant Feng, Plaintiff is entitled to an injunction and an award of Defendant Feng's profits, an impounding and destruction of all infringing copies, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116, 1117, and 1118, subject to the discretion of this Court.

<u>COUNT IV</u>
**Federal Unfair Competition**
**Against Defendant Super Cuisine**
**(15 U.S.C. § 1125)**

71.    Plaintiff reincorporates the preceding paragraphs of this Complaint as if fully set forth herein.

72.    Defendant Super Cuisine has, by virtue of the above-described acts, infringed upon Plaintiff's common law rights in the TASTE OF CHENGDU Marks and unfairly competed with Plaintiff. Defendant Super Cuisine's acts committed in the course of interstate commerce constitute materially false and misleading misrepresentations of fact with respect to the origin of Defendant's goods and services, and the affiliation, sponsorship, and approval of Defendant's goods and services in violation of Section 43(a)(1)(A) of the Lanham Act. 15 U.S.C. § 1125(a)(1)(A).

73.    Defendant Super Cuisine's above-described acts of trademark infringement and unfair competition have been committed, and are continuing to be committed, willfully, wherein Defendant Super Cuisine's use of the TASTE OF CHENGDU Marks is intended to cause confusion or mistake, or to deceive.

74.     Defendant Super Cuisine's above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendant Super Cuisine is not restrained by this Court from further violating Plaintiff's trademark rights and competing unfairly with Plaintiff due to the confusion, mistake or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition.

75.     Plaintiff has no adequate remedy at law. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights and unfair competition by Defendant Super Cuisine, Plaintiff is entitled to an injunction and an award of Defendant Super Cuisine's profits, an impounding and destruction of all infringing copies, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116, 1117, and 1118, subject to the discretion of this Court.

COUNT V
**Unfair Competition
Against Defendant Feng
(Texas state law)**

76.     Plaintiff reincorporates the preceding paragraphs of this Complaint as if fully set forth herein.

77.     Defendant Feng's acts of infringing on Plaintiff's TASTE OF CHENGDU Marks in interstate commerce constitutes acts of unfair competition in contravention of Texas common law.

78.     Defendant Feng has engaged in commerce in the State of Texas and this Judicial District by marketing, offering to sell, and selling the same or highly similar goods and services using a trademark that is identical, or at least highly similar to, Plaintiff's TASTE OF CHENGDU Marks. Defendant Feng has competed unfairly in violation of Texas law by misrepresenting or misleading

the public to believe that the goods and services sold by Defendant Feng at the Restaurant are sponsored by, approved by, affiliated with, associated with, or originate in Plaintiff.

79.    Defendant Feng's acts of unfair competition have caused and will cause great and irreparable harm to Plaintiff in an amount which cannot be adequately remedied by money damages, leaving Plaintiff with no adequate remedy at law. Therefore, Plaintiff is entitled to full injunctive relief against Defendant Feng, and any other persons or entities associated with or acting in concert with Defendant Feng restraining their further acts of unfair competition.

80.    Defendant Feng's acts of unfair competition are undertaken knowingly, willfully, and in malicious disregard of Plaintiff's rights.

81.    Plaintiff has suffered damages proximately caused by Defendant Feng's unfair competition.  Under Texas law, Plaintiff is entitled to recover Defendant Feng's profits arising out of his unfair competition and exemplary damages due to the knowing, willful, and intentional nature of Defendant's actions.

<u>COUNT VI</u>
**Unfair Competition**
**Against Defendant Super Cuisine**
**(Texas state law)**

82.    Plaintiff reincorporates the preceding paragraphs of this Complaint as if fully set forth herein.

83.    Defendant Super Cuisine's acts of infringing on Plaintiff's common law TASTE OF CHENGDU Design Mark in interstate commerce constitutes acts of unfair competition in contravention of Texas common law.

84.    Defendant Super Cuisine has engaged in commerce in the State of Texas and this Judicial District by marketing, offering to sell, and selling the same or highly similar goods and

services using a trademark that is identical, or at least highly similar to, Plaintiff's TASTE OF CHENGDU Marks. Defendant Super Cuisine has competed unfairly in violation of Texas law by misrepresenting or misleading the public to believe that the goods and services sold by Defendant Super Cuisine at the Restaurant are sponsored by, approved by, affiliated with, associated with, or originate in Plaintiff.

85.    Defendant Super Cuisine's acts of unfair competition have caused and will cause great and irreparable harm to Plaintiff in an amount which cannot be adequately remedied by money damages, leaving Plaintiff with no adequate remedy at law. Therefore, Plaintiff is entitled to full injunctive relief against Defendant Super Cuisine, and any other persons or entities associated with or acting in concert with Defendant Super Cuisine restraining their further acts of unfair competition.

86.    Defendant Super Cuisine's acts of unfair competition are undertaken knowingly, willfully, and in malicious disregard of Plaintiff's rights.

87.    Plaintiff has suffered damages proximately caused by Defendant Super Cuisine's unfair competition.  Under Texas law, Plaintiff is entitled to recover Defendant Super Cuisine's profits arising out of its unfair competition and exemplary damages due to the knowing, willful, and intentional nature of Defendant's actions.

## VI.    APPLICATION FOR PERMANENT INJUNCTION

88.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

89.    On information and belief, Defendants, unless enjoined, will continue to use the TASTE OF CHENDGU Marks, which is likely to cause confusion as to the source of Defendants'

products and services, and/or falsely suggest that Defendants are affiliated with Plaintiff, in violation of the Lanham Act.

90.    On information and belief, Defendants, unless enjoined, will continue to use Plaintiff's Copyrighted Works absent authorization and for a commercial benefit.

91.    Unless  Defendant is enjoined, Plaintiff will suffer irreparable harm. Defendants' actions demonstrate that they will continue to trade on the substantial goodwill Plaintiff has built in its intellectual property, allowing Defendants to profit unfairly from their copyright infringement, trademark infringement, unfair competition, and other wrongs.  Moreover, Plaintiff has no ability to control the quality of the goods or services provided by Defendants in conjunction with their infringing marks.  Therefore, Plaintiff is at an extreme risk of irreparable harm for which there is no remedy at law and for which money damages cannot repair.

92.    For example, if customers of Defendants experience inferior goods or service or are otherwise unhappy with the performance of Defendant's goods and services, they will likely mistakenly attribute that bad experience to Plaintiff's TASTE OF CHENGDU Marks due to Defendants' adoption of essentially the same mark. This is heightened by Defendants' strategy to provide the same or similar goods and services to the same or similar customer base using the same advertising channels in connection with the same marks. Moreover, as established above, these actions are taken intentionally by Defendants, even after notice, as part of a scheme to trade on the goodwill built by Plaintiff through its investment in its Copyrighted Works and the TASTE OF CHENGDU Marks. Defendants are intentionally trading off the goodwill Plaintiff has built up in its Copyrighted Works and its TASTE OF CHENGDU Marks through its prior use and explosive growth in commerce.

93. These actions entitle Plaintiff to a permanent injunction enjoining Defendants, their officers, agents, servants, employees, heirs, and attorneys, and all those persons in active concert or in participation with Defendants, from:

(i) Representing that Defendants' goods are in any way as sponsored by, approved by, affiliated with, associated with, or originated by Plaintiff;

(ii) Using the TASTE OF CHENGDU Marks and/or any confusingly similar variations thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods/services; and

(iii) Otherwise competing unfairly with Plaintiff or injuring its business reputation in any manner.

94. For these actions, there is no adequate remedy at law. Plaintiff is substantially likely to prevail on the merits of these claims, and the injury to Plaintiff greatly outweighs any injury to Defendants that the requested injunction may cause. The balance of hardships tips strongly in favor of Plaintiff. Finally, the injunction will not disserve the public interest. Therefore, Plaintiff is entitled to permanent injunctive relief against Defendants.

## VII.    DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on their claims alleged against Defendants.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Taste of Chengdu, LLC, requests judgment against Defendant, Xingli Feng d/b/a Taste of Chengdu and Defendant Super Cuisine, LLC, as follows:

A.    That Defendants, jointly and severally, be required to provide an accounting of their profits and pay Plaintiff Defendants' profits attributable to the infringement described herein;

B.    Alternatively, with respect to infringement of the Copyrighted Works, at Plaintiff's election, that Plaintiff be awarded statutory damages, including enhanced damages for willful conduct, as provided in 17 U.S.C. § 504;

C.    That the Court order the impounding and destruction of all unauthorized copies of Plaintiff's Copyrighted Works and TASTE OF CHENGDU Marks in accordance with 17 U.S.C. § 503 and 15 U.S.C. § 1118;

D.    That Plaintiff be awarded exemplary damages under Texas state law due to the knowing, willful, and infringing conduct of Defendants;

E.    That Plaintiff be awarded interest, including prejudgment and post-judgment interest, on the foregoing sums, according to law;

F.    That Plaintiff be awarded a permanent injunction enjoining Defendants, their subsidiaries, affiliates, representatives, agents, servants, employees, successors, licensees and assignees, and all persons, firms, entities, partners, or corporations in active concert or participation with Defendants from doing, threatening, or attempting to do or causing to be done, either directly or indirectly, by any means, method or device, any of the following acts:

(1)    Appropriating the U.S. Copyrighted Work, including the immediate removal of the U.S. Copyrighted Work from all advertisements within Defendants' control;

(2)    Appropriating the China Copyrighted Work, including the immediate removal of the China Copyrighted Work from all advertisements within Defendants' control;

(3)    Directly or indirectly infringing, using, or displaying the TASTE OF CHENGDU Marks or any mark similar thereto in any manner or for any purpose, including, but not limited to, in advertising, promoting, producing,

distributing, selling, offering for sale, or giving away any services or products which infringe, use, or display Plaintiff's TASTE OF CHENGDU Marks, or any marks similar thereto;

(4) Using any term that is likely to be confused with the TASTE OF CHENGDU Marks;

Falsely representing, misleading, or deceiving consumers into believing that services or products advertised, promoted, produced, distributed, sold, or offered by sale by Defendants originate from Plaintiff or Plaintiff's restaurant, or are sponsored, approved, licensed by, or associated with Plaintiff or its restaurant, or that Defendants or their services or products are in some way associated or affiliated with Plaintiff or its restaurant;

(5) Committing any other acts calculated to or that do unfairly compete with Plaintiff in any manner;

(6) Filing or prosecuting any trademark application for the TASTE OF CHENGDU Marks or any mark confusingly similar thereto; and

(7) Registering, using, or trafficking in any trade name or domain name containing or consisting of the TASTE OF CHENGDU Marks or any mark confusingly similar thereto.

G.    That Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

H.    That Plaintiff be awarded such other and further relief as the Court deems just and proper.

---

DATED this 18th day of September 2024   Respectfully Submitted,

/s/Darin M. Klemchuk
Darin M. Klemchuk
Attorney-in-Charge
Texas State Bar No. 24002418
darin.klemchuk@klemchuk.com
Brian Casper
Texas Bar No. 24075563
brian.casper@klemchuk.com
Mandi M. Phillips
Texas Bar No. 24036117
mandi.phillips@klemchuk.com
KLEMCHUK PLLC
8150 N. Central Expressway, 10th Fl.
Dallas, Texas 75206
Tel: 214-367-6000
Fax: 214-367-6001

Terry M. Sanks
Florida Bar No. 0154430
tsanks@firstiniplaw.com
Pro Hac Vice Admission Forthcoming
BEUSSE SANKS, PLLC
157 East New England Avenue, Suite 375
Winter Park, Florida 32789
Tel: 407- 644-888
Facsimile: 407- 645-3200

ATTORNEYS FOR PLAINTIFF
TASTE OF CHENGDU, LLC

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marie Strong*

Acting United States Register of Copyrights and Director



**Registration Number**

## VA 2-220-130

**Effective Date of Registration:**
August 12, 2020
**Registration Decision Date:**
October 26, 2020

---

## Title
　　
**Title of Work:** Taste of Chengdu

## Completion/Publication
　　
**Year of Completion:** 2017
**Date of 1st Publication:** October 10, 2017
**Nation of 1st Publication:** China

## Author
　　
• **Author:** Xu Wang
**Author Created:** 2-D artwork
**Citizen of:** China
**Domiciled in:** China

## Copyright Claimant
　　
**Copyright Claimant:** Sichuan Hechang Culture Communication Co., Ltd.
No. 702, No. 16, Jinhuaguan Street, Jinjiang District, Chengdu, China
**Transfer statement:** By written agreement

## Rights and Permissions
　　
**Name:** Paula Ahn
**Email:** chengdufl@gmail.com
**Address:** 2030 W. Colonial Drive
Orlando, FL 32804

## Certification
　　
**Name:** Jaafar Choufani

Page 1 of 2

**Date:** August 12, 2020
**Applicant's Tracking Number:** 0132205

---

**Copyright Office notes:** Regarding basis for registration: Registration is based on the artwork in the logo. Copyright does not protect names, titles, short phrases or slogans. 37 CFR 202.1



# EXHIBIT B

EXHIBIT A

作品名称  熊猫图形 LOGO







# 作品登记证书

登 记 号：国作登字-2018-F-00504885

作品名称：熊猫图形LOGO

作 者：四川和畅文化传播有限公司

创作完成时间：2017年10月10日

作品类别：美术作品

著作权人：四川和畅文化传播有限公司

首次发表时间：2017年10月10日

No. 00504885

以上事项，由四川和畅文化传播有限公司申请，经中国版权保护中心审核，根据《作品自愿登记试行办法》规定，予以登记。

登记日期：2018年03月16日

登记机构盖章

中华人民共和国国家版权局统一监制

## Certificate of copyright authorization

Authorizing party: Sichuan Hechang Culture Communication Co., Ltd.

Authorized party: Taste of Chengdu LLC., (legal representative: Mr. Xiong Tang)

Sichuan Hechang Culture Communication Co., Ltd., the authorizing party, is the legitimate copyright owner of "Taste of Chengdu < panda graphics LOGO >" in this authorization, which has been registered copyright with the State copyright Administration of the people's Republic of China. Work registration certificate number:China login-2018-F-00504885 (see annex).

Sichuan Hechang Culture Communication Co., Ltd. authorized Taste of Chengdu LLC., (legal representative: Mr. Xiong Tang) to use "Taste of Chengdu < panda graphics LOGO >" for Taste of Chengdu LLC., related business places and publicity advertisements, including, but not limited to, restaurant sign, Environment arrangement, product packaging, website and promotion activities, etc.

Authorized areas: United States, Canada, Mexico, Australia, New Zealand

Authorization period: 20 years from March 16, 2018 to March 15, 2038.

From the date of authorization, the authorized party Taste of Chengdu LLC., (legal representative: Mr. Xiong Tang) has the exclusive right to use "Taste of Chengdu < panda graphics LOGO >" in the authorized area and is protected by relevant international intellectual property laws. The authorized party Taste of Chengdu LLC., may register the trademark in the authorized area according to the power of attorney.

Authorizing party: Sichuan Hechang Culture Communication Co., Ltd.

(sealed)

(signed)

Date: 16 March 2018

# 版权授权书

授权方：四川和畅文化传播有限公司
被授权方：Taste of Chengdu LLC.，（法人代表：唐雄）

　　授权方，四川和畅文化传播有限公司是本授权书中成都味道《熊猫图形LOGO》的合法著作权人，已在中华人民共和国国家版权局注册版权登记，作品登记证号：国作登字-2018-F-00504885（见附件）。

　　四川和畅文化传播有限公司授权 Taste of Chengdu LLC.，（法人代表：唐雄）使用成都味道《熊猫图形 LOGO》，用于 Taste of Chengdu LLC.，的相关经营场所和宣传广告，包括但不限于餐厅店招、环境布置、产品包装、网站及推广活动等。

授权区域：美国、加拿大、墨西哥、澳大利亚、新西兰
授权期限：自2018年3月16日至2038年3月15日，共20年。

　　自授权之日起，被授权方 Taste of Chengdu LLC.，（法人代表：唐雄）在被授权方区域独家拥有成都味道《熊猫图形 LOGO》的使用权，受到国际相关知识产权法律的保护。被授权方 Taste of Chengdu LLC.，可据此授权书在被授权地区进行商标注册。

授权方：四川和畅文化传播有限公司



（盖章）：

（签字）：

日期：2018年3月16日

EXHIBIT C



Department of State　/　Division of Corporations　/　Search Records　/　Search by Entity Name　/

# Detail by Entity Name

Florida Limited Liability Company
TASTE OF CHENGDU, LLC.

**Filing Information**

| | |
|---|---|
| **Document Number** | L16000137493 |
| **FEI/EIN Number** | 81-3354148 |
| **Date Filed** | 07/21/2016 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

2030 W COLONIAL DRIVE
ORLANDO, FL 32804

Changed: 01/02/2018

**Mailing Address**

7166 MALEBERRY RUN
WINTER GARDEN, FL 34787

**Registered Agent Name & Address**

TANG, XIONG
7166 MALEBERRY RUN
WINTER GARDEN, FL 34787

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

TANG, XIONG
7166 MALEBERRY RUN
WINTER GARDEN, FL 34787

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2021 | 02/23/2021 |
| 2022 | 04/21/2022 |
| 2023 | 02/22/2023 |

**Document Images**

Case 3:23-cv-02050-X     Document 21     Filed 09/18/24     Page 36 of 71     PageID 359

| | |
|---|---|
| 02/22/2023 -- ANNUAL REPORT | View image in PDF format |
| 04/21/2022 -- ANNUAL REPORT | View image in PDF format |
| 02/23/2021 -- ANNUAL REPORT | View image in PDF format |
| 06/08/2020 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2019 -- ANNUAL REPORT | View image in PDF format |
| 01/02/2018 -- ANNUAL REPORT | View image in PDF format |
| 03/28/2017 -- ANNUAL REPORT | View image in PDF format |
| 07/21/2016 -- Florida Limited Liability | View image in PDF format |

Florida Department of State, Division of Corporations

# EXHIBIT D



HOME    LOCATIONS    MENU ⌄    CONTACT



TASTE OF CHENGDU

Now Hiring All Positions

Email us at ChengDu4856@gmail.com for more info or stop by to fill out an application today!

### *Baldwin Park*
## 407-286-4850

### *West Colonial*
## 407-839-1983

EVENTS

## Book Us For Your Next Private Event

From family gatherings to catering events, we can do it all!

CONTACT US



ABOUT US

## We Are a Full Service Restaurant

Taste of Chengdu explores traditional Sichuan cuisine and innovates on its characteristics of spicy, fresh, and fragrant. From high-end banquets to light meals for our community, our restaurant serves home-style flavors in new and exciting ways using the finest craftsmanship.
Enjoy classic cuisine with us!

# Locations

### WEST COLONIAL
### 2030 W Colonial Dr, Orlando, FL 32804

CONTACT

**HOURS**
Monday: Closed

Tue – Thur: 11:30am – 9:30pm
Fri – Sat: 11:30am – 10:30pm
Sun: 11:30am – 9:30pm

Last seating is 30 minutes before closing.

### BALDWIN PARK
### 4856 New Broad St, Orlando, FL 32814

*Lunch specials served weekdays 11:30 am – 2:30 pm*

Dine-In with Reservations ONLY

CONTACT
**(407) 286-4850**

**HOURS**
Tuesday & Wednesday: Closed

Sun, Mon, & Thurs: 11:30am – 9:00pm
Fri – Sat: 11:30am – 9:30pm

Last seating is 30 minutes before closing.



Questions or comments? Use the contact form to send us a message! For location specific information or to make a reservation, please call one of our locations.

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.



Name    Email Address

Message

SUBMIT

Copyright ©2020 Taste of Chengdu LLC

# EXHIBIT E





## Taste of Chengdu

4884 New Broad St., Orlando, 32814, USA
$$ · Chinese, Sichuan

♡ Add to favorites

### MICHELIN Guide's Point Of View

🏠 We foreword good quality good value cooking.

A long-standing restaurant in the Orlando area, Taste of Chengdu uncovers exactly that, as the expansive menu is singularly focused on Sichuan specialties. Chef Xiong "Tiger" Teng shows restraint in the use of spices, indeed opting for depth and balance, while classics like mapo tofu are given a nuanced nudge. Heat seekers will want to dig right in to the Sichuan cold noodles, a ramped up iteration that replaces the traditional thick pressed noodle for a delightfully chewy hand-pulled style. More mellow dishes include a delicate white fish in a green pepper broth mixed with mushrooms, cucumber and baby bok choy, or a sautéed cabbage tossed in touch of oil with garlic and scallions that has just the right amount of crunch.

### Facilities & Services

Air conditioning                          Car park
Credit card / Debit card accepted         Restaurant offering vegetarian menus

### Information

+1 407-XXX-XXXX

Visit Website

Opening Hours

| | |
|---|---|
| Monday | Closed |
| Tuesday | 11:30 AM-9:30 PM |
| Wednesday | 11:30 AM-9:30 PM |
| Thursday | 11:30 AM-9:30 PM |
| Friday | 11:30 AM-10:00 PM |
| Saturday | 11:30 AM-10:00 PM |
| Sunday | 11:30 AM-9:30 PM |



## Nearby Restaurants



**Domu**
Orlando, USA
$$ · Ramen
♡

**Kadence**
Orlando, USA
$$$$
♡

**Kabooki Sushi**
Orlando, USA
$$$ · Japanese
Reserve table
♡

## Discover more:



Orlando's Best Japanese Restaurants

The Best Brunch in Orlando

The Best Cocktails in Tampa

## Related Reads

MICHELIN GUIDE CEREMONY
⏱ 8 minutes

### 2023 Florida MICHELIN Bib Gourmands

Florida just makes it even easier to find selections this new year? Three of the guide's top picks get the new year...

Bib's Pick    Cheap    More

## Hotels nearby



AC Hotel Orlando Downtown
Orlando, USA
180 Rooms ♥ ¥ ¥
♡

The Ritz-Carlton Orlando, Grande Lakes
Orlando, USA
584 Rooms ♥ ¥ ¥ ¥
♡

Lake Nona Wave Hotel
Orlando, USA
234 Rooms
♡



Use the app to find the best restaurants and hotels everywhere



# EXHIBIT F

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300



**Certificate of Formation
Limited Liability Company**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 803255911 03/05/2019
Document #: 872424160002
Image Generated Electronically
for Web Filing**

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

## Taste of Chengdu LLC

### Article 2 – Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

**OR**

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**XINGLI   FENG**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**2528 OLD DENTON RD
SUITE 100  CARROLLTON TX  75006**

### Consent of Registered Agent

☐ A. A copy of the consent of registered agent is attached.

**OR**

☑ B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☐ A. The limited liability company is to be managed by managers.

**OR**

☑ B. The limited liability company will not have managers. Management of the company is reserved to the members.
The names and addresses of the governing persons are set forth below:

Managing Member 1: **XINGLI   FENG**          Title: **Managing Member**

Address: **2528 OLD DENTON RD  SUITE 100  CARROLLTON  TX, USA  75006**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

### Organizer

The name and address of the organizer are set forth below.

**XINGLI FENG**        **2528 OLD DENTON RD SUITE 100, CARROLLTON TX 75006**

### Effectiveness of Filing

☑A. This document becomes effective when the document is filed by the secretary of state.

### OR

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

### Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**XINGLI FENG**

Signature of Organizer

**FILING OFFICE COPY**

# EXHIBIT G

*Taste of Chengdu*



| Home | Menu | Location | Gallery | About Us | Order Online |



2532 Old Denton Rd
Carrollton, TX 75006
Phone: (469) 289-3379

ANY QUESTIONS PLEASE CALL US.

Taste of Chengdu | (469) 289-3379
2532 Old Denton Rd, Carrollton, TX 75006
© 2023 Beyond Menu. All Rights Reserved.

Accessibility

# EXHIBIT H





# EXHIBIT I

# BEUSSE SANKS
## INTELLECTUAL PROPERTY ATTORNEYS

157 E. New England Ave.                                    Terry M. Sanks
Suite 375                                          Direct:  407-644-8888
Winter Park, FL 32789                               tsanks@firstiniplaw.com

December 7, 2022

***Via FedEx and Email** – legal@gearlaunch.com*
Xingli Feng
Taste of Chengdu, LLC
2528 Old Denton Rd Suite 100
Carrollton, TX 75006

Re:    *Beusse Sanks, PLLC Matter No. 20064-001*
       ***Cease and Desist Letter and Takedown Notice Regarding Copyright
       Infringement***

Dear Mr. Xingli Feng:

Our firm represents Taste of Chengdu, LLC located in Florida ("Taste of Chengdu") with respect to its intellectual property and other related matters. We write to you for the purpose of resolving a case of copyright infringement against you by our client. This demand is privileged from disclosure pursuant to Rule 408 of the Federal Rules of Evidence.

Please provide this letter to your general liability insurance carriers or other providers of insurance that may cover this claim. Refer them to the enclosed demand pursuant to § 627.4137, Florida Statutes, for insurance information in this matter.

*Copyright Registrations*

Taste of Chengdu retains ownership to a Chinese copyright, by assignment, registered in 2018, depicting in part a curved chili pepper with ears representing a back side of a panda. True and correct copies of the registration, the work and assignment are attached as Exhibit A. Taste of Chengdu has also obtained a U.S. Copyright Registration, Registration No. VA 2-220-130, filed August 12, 2020 based on its assignment.  See Exhibit B attached. The copyright covers the artwork in the logo.

*Copyright Infringement by Defendant*

It has come to our attention that since at least March 5, 2019, your company, Taste of Chengdu, LLC, with a principal address at 2528 Old Denton Rd Suite 100 Carrollton, TX 75006 ("Taste of Chengdu TX"), has copied and displayed the aforementioned copyrighted image, without permission, license, or consent. As shown in Exhibit C, Taste of Chengdu TX has

*MORE THAN IP SERVICES – IP SOLUTIONS*

Taste of Chengdu, LLC
December 7, 2022
Page 2

reproduced the copyrighted work mentioned above in its logo and displayed it on its website and storefront.

The continued use without permission of our client's copyrighted work evidences a clear disregard for our client's rights and constitutes a violation United States Code, Title 17, and the Copyright Act. The Copyright Act provides for entry of an injunction directing removal of the offending materials pending litigation. This letter shall serve as formal notice for Taste of Chengdu TX to immediately cease and desist all unauthorized uses of our client's copyrighted work. Any such further uses shall be at your peril.

However, if Taste of Chengdu TX possess a contract, license, agreement or writing on which it will rely for authorization of its use of our client's copyrighted work, please provide us with this evidence so we may avoid further controversy or litigation. Otherwise, we will be forced to assume that Taste of Chengdu TX's use constitutes a violation of the law.

*Damages*

Copyright law provides several different elements of compensation to Taste of Chengdu when its works are infringed or altered. Section 504 of Title 17 of the United States Code permits Taste of Chengdu to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."

Taste of Chengdu's actual damages will be measured by the fair market value of the photograph considering taste of Chengdu TX's use to sell and promote your business. This is consistent with federal courts' approach to broadly construing the term "actual damages" to favor victims of infringement. See, e.g., *Davis v. Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001). The fair market value approach for calculating damages is an accepted approach to valuing the defendant's use of protected photographs. See *Leonard v. Stemtech Int'l, Inc.*, Nos. 15-3198, 15-3247, 2016 U.S. App. LEXIS 15565 (3d Cir. Aug. 24, 2016). In addition,

Section 504 of the Copyright Act permits Taste of Chengdu to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Therefore, Taste of Chengdu will also be entitled to Taste of Chengdu TX's profits from the infringement, based upon the revenue Taste of Chengdu TX has earned in connection with the unauthorized use of Taste of Chengdu's copyrighted works.

*Demand*

We demand that Taste of Chengdu TX immediately cease and desist the unlawful use of our client's copyrighted work and provide the information and documents on the following:

Taste of Chengdu, LLC
December 7, 2022
Page 3

1. The full nature and extent of the use of our client's copyrighted work, in any and all formats;
2. Representative copies in any and all tangible form and media in which our client's copyrighted works were incorporated or employed, including infringing uses now discontinued;
3. The source of the copyrighted works;
4. The identity of any and all companies and individuals involved in the unauthorized use of our client's copyrighted work;
5. Correspondence from your general liability insurance carriers regarding whether there is coverage or not.
6. An accounting of a revenue Taste of Chengdu TX has made since at least March 5, 2019 (or earlier if you were using the copyrighted work prior).

Please carefully consider this letter and the associated exhibits and provide them to your attorneys and insurance carriers immediately. My client has no intention of not pursuing this matter. If we do not receive an initial response from you or a representative, on or before ten (10) days from receipt of this correspondence, we will take further steps to protect our clients' rights. We look forward to your prompt response.

Sincerely,

*/Terry M. Sanks/*

Terry M. Sanks, Esquire

TMS/map

Enclosures

EXHIBIT A

作品名称  熊猫图形 LOGO







# 作品登记证书

登 记 号：国作登字-2018-F-00504885

作品名称：熊猫图形LOGO

作　　者：四川和畅文化传播有限公司

创作完成时间：2017年10月10日

作品类别：美术作品

著作权人：四川和畅文化传播有限公司

首次发表时间：2017年10月10日

No. 00504885

以上事项，由四川和畅文化传播有限公司申请，经中国版权保护中心审核，根据《作品自愿登记试行办法》规定，予以登记。

登记日期：2018年03月16日

登记机构盖章

中华人民共和国国家版权局统一监制

中华人民共和国国家版权局 作品自愿登记专用章

## Certificate of copyright authorization

Authorizing party: Sichuan Hechang Culture Communication Co., Ltd.

Authorized party: Taste of Chengdu LLC., (legal representative: Mr. Xiong Tang)

Sichuan Hechang Culture Communication Co., Ltd., the authorizing party, is the legitimate copyright owner of "Taste of Chengdu < panda graphics LOGO >" in this authorization, which has been registered copyright with the State copyright Administration of the people's Republic of China. Work registration certificate number:China login-2018-F-00504885 (see annex).

Sichuan Hechang Culture Communication Co., Ltd. authorized Taste of Chengdu LLC., (legal representative: Mr. Xiong Tang) to use "Taste of Chengdu < panda graphics LOGO >" for Taste of Chengdu LLC., related business places and publicity advertisements, including, but not limited to, restaurant sign, Environment arrangement, product packaging, website and promotion activities, etc.

Authorized areas: United States, Canada, Mexico, Australia, New Zealand

Authorization period: 20 years from March 16, 2018 to March 15, 2038.

From the date of authorization, the authorized party Taste of Chengdu LLC., (legal representative: Mr. Xiong Tang) has the exclusive right to use "Taste of Chengdu < panda graphics LOGO >" in the authorized area and is protected by relevant international intellectual property laws. The authorized party Taste of Chengdu LLC., may register the trademark in the authorized area according to the power of attorney.

Authorizing party: Sichuan Hechang Culture Communication Co., Ltd.

(sealed)

(signed)

Date: 16 March 2018

# 版权授权书

授权方：四川和畅文化传播有限公司
被授权方：Taste of Chengdu LLC.，（法人代表：唐雄）

　　授权方，四川和畅文化传播有限公司是本授权书中成都味道《熊猫图形LOGO》的合法著作权人，已在中华人民共和国国家版权局注册版权登记，作品登记证号：国作登字-2018-F-00504885（见附件）。
　　四川和畅文化传播有限公司授权 Taste of Chengdu LLC.，（法人代表：唐雄）使用成都味道《熊猫图形LOGO》，用于 Taste of Chengdu LLC.，的相关经营场所和宣传广告，包括但不限于餐厅店招、环境布置、产品包装、网站及推广活动等。
授权区域：美国、加拿大、墨西哥、澳大利亚、新西兰
授权期限：自2018年3月16日至2038年3月15日，共20年。
　　自授权之日起，被授权方 Taste of Chengdu LLC.，（法人代表：唐雄）在被授权方区域独家拥有成都味道《熊猫图形LOGO》的使用权，受到国际相关知识产权法律的保护。被授权方 Taste of Chengdu LLC.，可据此授权书在被授权地区进行商标注册。



授权方：四川和畅文化传播有限公司

（盖章）：

（签字）：

日期：2018 年 3 月 16 日

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marie Strong*

Acting United States Register of Copyrights and Director



**Registration Number**

## VA 2-220-130

**Effective Date of Registration:**
August 12, 2020
**Registration Decision Date:**
October 26, 2020

---

## Title

**Title of Work:** Taste of Chengdu

## Completion/Publication

**Year of Completion:** 2017
**Date of 1st Publication:** October 10, 2017
**Nation of 1st Publication:** China

## Author

- **Author:** Xu Wang
  **Author Created:** 2-D artwork
  **Citizen of:** China
  **Domiciled in:** China

## Copyright Claimant

**Copyright Claimant:** Sichuan Hechang Culture Communication Co., Ltd.
No. 702, No. 16, Jinhuaguan Street, Jinjiang District, Chengdu, China
**Transfer statement:** By written agreement

## Rights and Permissions

**Name:** Paula Ahn
**Email:** chengdufl@gmail.com
**Address:** 2030 W. Colonial Drive
Orlando, FL 32804

## Certification

**Name:** Jaafar Choufani

**Date:** August 12, 2020
**Applicant's Tracking Number:** 0132205

---

**Copyright Office notes:** Regarding basis for registration: Registration is based on the artwork in the logo. Copyright does not protect names, titles, short phrases or slogans. 37 CFR 202.1

EXHIBIT C





Dear Customer,

The following is the proof-of-delivery for tracking number: 770701768007

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | |
| **Signed for by:** | Signature release on file | **Delivery Location:** | 2528 OLD DENTON RD |
| **Service type:** | FedEx 2Day AM | | |
| **Special Handling:** | Deliver Weekday | | Carrollton, TX, 75006 |
| | | **Delivery date:** | Dec 9, 2022 09:34 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 770701768007 | **Ship Date:** | Dec 7, 2022 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Xingli Feng, Taste of Chengdu, LLC
2528 Old Denton Road
Suite 100
Carrollton, TX, US, 75006

**Shipper:**
Terry M. Sanks, Beusse Sanks
157 E. New England Ave.
Suite 375
Winter Park, FL, US, 32789

**Reference**                    20064-001

Proof-of-delivery details appear below; however, no signature is available for this FedEx Express shipment

because a signature was not required.

Thank you for choosing FedEx

# EXHIBIT J

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300



**Certificate of Formation
Limited Liability Company**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 805364616 01/04/2024
Document #: 1319744060004
Image Generated Electronically
for Web Filing**

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

## Super Cuisine LLC

### Article 2 – Registered Agent and Registered Office

☐A. The initial registered agent is an organization (cannot be company named above) by the name of:

**OR**

☑B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Zhenghua    Zhang**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**1115 Mac Arthur Drive
Apt 4507  Carrollton  TX  75007**

### Consent of Registered Agent

☐A. A copy of the consent of registered agent is attached.

**OR**

☑B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☐A. The limited liability company is to be managed by managers.

**OR**

☑B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Managing Member 1: **Zhenghua    Zhang**          Title: **Managing Member**

Address: **1115 Mac Arthur Drive   Apt 4507  Carrollton  TX, USA  75007**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

---

**Initial Mailing Address**

Address to be used by the Comptroller of Public Accounts for purposes of sending tax information.

The initial mailing address of the filing entity is:

**1115 Mac Arthur Drive
Apt 4507
Carrollton, TX 75007
USA**

**Organizer**

The name and address of the organizer are set forth below.

**Zhenghua Zhang          1115 Mac Arthur Drive Apt 4507, Carrollton, TX 75007**

**Effectiveness of Filing**

☑A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Zhenghua Zhang**

Signature of Organizer

**FILING OFFICE COPY**

**Form 503**
**(Revised 09/13)**

Return in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555
FAX: 512 463-5709
**Filing Fee: $25**



**Assumed Name Certificate**

This space reserved for office use.

**F I L E D**
**In the Office of the**
**Secretary of State of Texas**

**JAN 19 2024**

**Corporations Section**

## Assumed Name

1. The assumed name under which the business or professional service is, or is to be, conducted or rendered is:  **Taste of Chengdu**

## Entity Information

2. The legal name of the entity filing the assumed name is:

**Super Cuisine LLC**

*State the name of the entity as currently shown in the records of the secretary of state or on its organizational documents, if not filed with the secretary of state.*

3. The entity filing the assumed name is a: (Select the appropriate entity type below.)

☐ For-profit Corporation                    ☑ Limited Liability Company
☐ Nonprofit Corporation                     ☐ Limited Partnership
☐ Professional Corporation                  ☐ Limited Liability Partnership
☐ Professional Association                  ☐ Cooperative Association
☐ Other _____

*Specify type of entity. For example, foreign real estate investment trust, state bank, insurance company, etc.*

4. The file number, if any, issued to the entity by the secretary of state is:  **805364616**

5. The state, country, or other jurisdiction of formation of the entity is:  **Texas**

6. The entity's principal office address is:

**1115 Mac Arthur Dr Apt 4507**

*Street or Mailing Address*

| **Carrollton** | **TX** | **USA** | **75007-4495** |
|---|---|---|---|
| *City* | *State* | *Country* | *Postal or Zip Code* |

## Period of Duration

☑ 7a. The period during which the assumed name will be used is 10 years from the date of filing with the secretary of state.

**OR**

☐ 7b. The period during which the assumed name will be used is _____ years from the date of filing with the secretary of state (not to exceed 10 years).

**OR**

☐ 7c. The assumed name **RECEIVED** _____ (not to exceed 10 years).

*mm/dd/yyyy*

**JAN 19 2024**

Form 503                    **Secretary of State**                    4

## County or Counties in which Assumed Name Used

8. The county or counties where business or professional services are being or are to be conducted or rendered under the assumed name are:

☑ All counties

☐ All counties with the exception of the following counties: _____

_____

☐ Only the following counties: _____

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and also certifies that the person is authorized to sign on behalf of the identified entity. If the undersigned is acting in the capacity of an attorney in fact for the entity, the undersigned certifies that the entity has duly authorized the undersigned in writing to execute this document.

Date:   **1/16/2024**

_Zhenghua Zhang_

Signature of a person authorized by law to sign on behalf of the identified entity (see instructions)

Form 503

5

# EXHIBIT K







