UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TASTE OF CHENGDU, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2050-X |
| | § | |
| XINGLI FENG d/b/a TASTE OF CHENGDU and SUPER CUISINE, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Super Cuisine, LLC's (Super Cuisine) motion to dismiss Plaintiff Taste of Chengdu, LLC's (Taste of Chengdu) claims against Super Cuisine and to dismiss Super Cuisine from the case entirely. (Doc. 28). After reviewing the briefing and applicable law, the Court **DENIES** the motion.

### I.   Background

Plaintiff operates Taste of Chengdu, a restaurant in Florida "which offers a varied assortment of Asian cuisine."[1]  Taste of Chengdu has been in business since 2016, and in August 2020, Taste of Chengdu registered the restaurant's logo as a copyrighted work in the United States.  In November 2022, Taste of Chengdu became aware of Super Cuisine's restaurant, then operated by Xingli Feng, that appeared to use the same name and logo as Taste of Chengdu in Florida.  Taste of Chengdu sent Feng a cease-and-desist letter, which it claims Feng ignored.

---

[1] Doc. 21 at 5.

1

Taste of Chengdu then sued Feng for copyright infringement under 17 U.S.C. § 501, unfair competition under the Lanham Act (15 U.S.C. § 1125), and Texas common law unfair competition violations. In 2024, Super Cuisine acquired the Texas restaurant from Feng. Taste of Chengdu then added Super Cuisine to the lawsuit, alleging that Super Cuisine continued the same infringing conduct "well into 2024."[2]

## II. Legal Standard

A Rule 12(b)(6) motion challenges a pleading for a "failure to state a claim upon which relief can be granted."[3] A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] When analyzing the pleadings under a Rule 12(b)(6) motion, the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."[5] The complaint meets this standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

## III. Analysis

Super Cuisine filed this motion to dismiss, arguing that all three claims fail, arguing specifically that the complaint conflates the copyright and trademark violations and does not distinguish Feng's conduct from that of Super Cuisine, that

---

[2] Doc. 21 at 11.

[3] Fed. R. Civ. P. 12(b)(6).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

the Lanham Act claim fails because Taste of Chengdu does not plead all the elements, and that the Texas common law claim fails as a matter of law.  The Court considers the three claims in the same order in which Taste of Chengdu brought them: the federal copyright infringement claim, the federal unfair competition claim, and the Texas common law unfair competition claim.

## A.   Federal Copyright Infringement Claim

A plaintiff must prove three elements to prevail on a federal copyright infringement claim: "ownership of a valid copyright; factual copying; and substantial similarity."[7]  The parties do not appear to dispute that Taste of Chengdu owns a valid copyright for the Taste of Chengdu mark.  Thus, the Court addresses whether Taste of Chengdu plausibly pled factual copying and substantial similarity.

Taste of Chengdu alleges that the copyrighted work in question has been identically replicated, first by Feng and subsequently by Super Cuisine.  Super Cuisine argues that "Plaintiff does not distinguish between the conduct" of Feng and Super Cuisine.[8]  Taste of Chengdu responds by pointing to factual allegations in the Second Amended Complaint that specifically describe Super Cuisine's alleged infringing actions.  The Court agrees with Taste of Chengdu.  Factual copying can be alleged in a variety of ways.  One option is for a plaintiff to "prove factual copying by showing such a striking similarity between the two works that the similarity could only be explained by actual copying."[9]  Taste of Chengdu's allegation that the

---

[7] *Beatriz Ball, L.L.C. v. Barbagallo Co., L.L.C.*, 40 F.4th 308, 315 (5th Cir. 2022) (per curiam).
[8] Doc. 28 at 7.
[9] *Vallery v. Am. Girl, L.L.C.*, 697 F. App'x 821, 824 (5th Cir. 2017) (per curiam) (cleaned up).

restaurant materials shown in Exhibit K were used by Super Cuisine (not just Feng), at this point, are taken as true.

The third element, substantial similarity, is often "left to the factfinder," but it is evaluated by using a "side-by-side comparison . . . between the original and the copy to determine whether a layman would view the two works as substantially similar."[10] The same factual claims that, if true, plausibly allege factual copying also plausibly allege substantial similarity. It is true that minor differences appear in the pictures submitted by Taste of Chengdu in Exhibit K as compared to the copyrighted mark. However, the near match is enough to plausibly show substantial similarity at the pleadings stage. Therefore, the Court denies the motion as to the federal copyright infringement claim.

## B.   Federal Unfair Competition Claim

Taste of Chengdu next asserts an unfair competition claim against Super Cuisine under section 43(a) the Lanham Act, codified at 15 U.S.C. § 1125. Super Cuisine argues that Taste of Chengdu has failed to properly plead all the elements of its claim. However, as Taste of Chengdu points out in its response, the case Super Cuisine cites lists the elements for a false advertising claim, not an unfair competition claim.[11]

The touchstone for a federal unfair competition claim is whether the defendant's use of the plaintiff's mark "is likely to cause confusion among consumers

---

[10] *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (cleaned up).

[11] *See Pizza Hut, Inc. v. Papa John's Int'l., Inc.*, 227 F.3d 489, 495 (5th Cir. 2000) (listing the elements of a prima facie case of false advertising under Lanham Act).

as to the source, affiliation, or sponsorship" of the defendant's business.[12] The Fifth Circuit has recognized "a flexible and nonexhaustive list" of "factors that tend to prove or disprove that consumer confusion is likely."[13] It is unnecessary to discuss all the factors at this stage. Rather, it will suffice to say that Taste of Chengdu has plausibly pled multiple factors that weigh in its favor—namely, "the similarity between the two marks" and "the similarity of the products or services."[14] Taste of Chengdu's description and photographs of the allegedly copied mark combined with the similarity between its businesses and the one operated by Super Cuisine adds up to a plausible claim for customer confusion.

Super Cuisine also argues that Taste of Chengdu does not distinguish between factual allegations that violate the Copyright Act claim and the federal unfair competition claim. Taste of Chengdu responds by arguing that the same infringing conduct meets the elements for both the copyright claim and the unfair competition claim. The Court again agrees with Taste of Chengdu. The same conduct—unauthorized use of the Taste of Chengdu image—meets the elements for both claims.[15] This being the case, Taste of Chengdu does not need to list separate factual

---

[12] *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 483 (5th Cir. 2004); *see also Matrix Essentials, Inc. v. Emporium Drug Mart, Inc., of Lafayette*, 988 F.2d 587, 592 (5th Cir. 1993) (holding that "the touchstone of a section 1125(a) unfair competition claim is whether the defendant's actions are 'likely to cause confusion.'" (cleaned up)).

[13] *Scott Fetzer*, 381 F.3d at 484-85.

[14] *Id.* at 485.

[15] In addition, Taste of Chengdu incorporates its facts by reference in every claim, including the federal unfair competition claim.

5

allegations for each claim. Accordingly, the Court denies the motion as to the federal unfair competition claim.

### C.     Texas Unfair Competition Claim

Super Cuisine argues that Taste of Chengdu's Texas common law unfair competition claim should fail as a matter of law because it does not have a "trademark infringement claim asserted in conjunction with" it.[16] True, unfair competition claim is derivative and requires "a viable underlying tort or other illegal conduct for liability to exist."[17] However, the case Super Cuisine relies upon does not state that trademark infringement *must* be the underlying tort, but simply that the plaintiff was using trademark infringement as the other tort in that particular case.[18] Here, because Taste of Chengdu has plausibly pled both federal copyright infringement and federal unfair competition, the derivative nature of the Texas common law claim has been met.

In addition, the analysis for Texas common law unfair competition is the same as the analysis for federal unfair competition.[19] Because Taste of Chengdu has plausibly pled its federal unfair competition claim, it has also plausibly plead its

---

[16] Doc. 28 at 10.

[17] *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 286 (Tex. App.—Tyler 2021, pet. denied) (cleaned up).

[18] *Avanti Sales Int'l, Inc. v. Pycosa Chems., Inc.*, 2005 WL 2670740, at 7 (Tex. App.—Houston [1st Dist.] Oct. 20, 2005, no pet.).

[19] *See, e.g.*, *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.7 (5th Cir. 2010) (holding that "[t]he analysis with respect to [the plaintiff's] claims under the Lanham Act will be dispositive of its corresponding claims under Texas Law"); *see also Scott Fetzer*, 381 F.3d at 484 (holding that "[t]he likelihood of confusion standard also governs [the plaintiff's] claims for trademark infringement and unfair competition under Texas law.").

Texas claim. The Court denies the motion as to the Texas common law unfair competition claim.

## IV. Conclusion

For the above reasons, the Court **DENIES** the motion to dismiss in its entirety.

**IT IS SO ORDERED** this 25th day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE